IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02842-PAB-MEH

FALLEN PRODUCTIONS, INC.,
HUNTER KILLER PRODUCTIONS, INC.,
RAMBO V PRODUCTIONS, INC.,
LHF PRODUCTIONS, INC.,
MILLENNIUM FUNDING, INC.,
HB PRODUCTIONS, INC.,
STOIC PRODUCTIONS, INC.,
VOLTAGE HOLDINGS, LLC,
GUNFIGHTER PRODUCTIONS, LLC,
SF FILMS, LLC,
DEFINITION DELAWARE, LLC,
AFTER PRODUCTIONS, LLC,
MORGAN CREEK PRODUCTIONS, INC., and
LAUNDRY FILMS, INC.,

    Plaintiffs,

v.

WILLIAM NELSON,
TY TIDWELL, and
DOE 1, Internet Subscriber at IP addresses 73.95.133.25 and 66.26.157.31,

    Defendants.

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on the Notice of Dismissal of Defendant Ty Tidwell With Prejudice [Docket No. 33] filed by plaintiffs Fallen Productions, Inc. ("Fallen"), and Hunter Killer Productions, Inc. ("Hunter Killer") pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Fallen and Hunter Killer explain that the remaining plaintiffs, represented by the same counsel as Fallen and Hunter Killer, made no claims against Mr. Tidwell in their First Amended Complaint [Docket No. 10]. Docket No. 33 at 1.

    Despite Rule 41(a)(1)'s reference to the dismissal of an "action," the weight of authority permits a dismissal of all claims pursuant to Rule 41(a)(1)(A) against fewer than all defendants. *See Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010); *Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *2 (E.D.N.Y.

June 29, 2007) (noting that, although the Second Circuit had previously stated otherwise, it had "since adopted the approach of the majority of courts in other circuits – that is, that Rule 41(a) does not require dismissal of the action in its entirety" and permits dismissal of all claims as to a single defendant). Furthermore, "[u]nless the *notice or stipulation states otherwise*, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B) (emphasis added). Here, however, Fallen and Hunter Killer seek dismissal of this action as to Mr. Tidwell with prejudice. Therefore, all claims asserted by plaintiffs against Mr. Tidwell were dismissed with prejudice as of the entry of the stipulation for dismissal [Docket No. 33]. No order of dismissal is necessary.

DATED November 13, 2020.