IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02842-PAB-MEH

FALLEN PRODUCTIONS, INC.,
HUNTER KILLER PRODUCTIONS, INC.,
RAMBO V PRODUCTIONS, INC.,
LHF PRODUCTIONS, INC.,
MILLENNIUM FUNDING, INC.,
HB PRODUCTIONS, INC.,
STOIC PRODUCTIONS, INC.,
VOLTAGE HOLDINGS, LLC,
GUNFIGHTER PRODUCTIONS, LLC,
SF FILMS, LLC,
DEFINITION DELAWARE, LLC,
AFTER PRODUCTIONS, LLC,
MORGAN CREEK PRODUCTIONS, INC., and
LAUNDRY FILMS, INC.,

       Plaintiffs,

v.

WILLIAM NELSON, and
RYAN FLATTERY,

       Defendants.

---

**MINUTE ORDER**

---

**Entered by Chief Judge Philip A. Brimmer**

      This matter is before the Court on plaintiffs' Stipulation for Dismissal of Defendant Ryan Flattery with Prejudice Pursuant to Fed R. Civ. P. 41 [Docket No. 53] and Stipulation for Dismissal of Defendant William Nelson with Prejudice Pursuant to Fed. R. Civ. P. 41 [Docket No. 54]. Plaintiffs seek dismissal pursuant to Rules 41(a)(1)(A)(ii) and 41(a)(2). Docket Nos. 53 at 1, 54 at 1.

      Despite Rule 41(a)(1)'s reference to the dismissal of an "action," the weight of authority permits a dismissal of all claims pursuant to Rule 41(a)(1)(A) against fewer than all defendants. *See Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010); *Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (noting that, although the Second Circuit had previously stated otherwise, it had "since adopted the approach of the majority of courts in other circuits –

that is, that Rule 41(a) does not require dismissal of the action in its entirety" and permits dismissal of all claims as to a single defendant).  Furthermore, "[*u*]*nless the notice or stipulation states otherwise*, the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B) (emphasis added).  Here, however, plaintiffs seek dismissal of this action as to Mr. Flattery and Mr. Nelson with prejudice.  Docket Nos. 53 at 1, 54 at 1. Therefore, all claims asserted by plaintiffs against Mr. Flattery and Mr. Nelson were dismissed with prejudice as of the entry of the stipulation for dismissal [Docket Nos. 53, 54].  No order of dismissal is necessary.

Plaintiffs and former defendant Stephen Moody, whom the parties stipulated to dismiss with prejudice from this action on November 6, 2020, Docket No. 31, ask that the Court "retain jurisdiction until November 30, 2025 for the purposes of enforcing the Settlement Agreement."  Docket No. 54 at 2.  The parties, however, did not submit a settlement agreement between plaintiffs and Mr. Moody to the Court.  Thus, plaintiffs and Mr. Moody want the Court to retain jurisdiction over a settlement agreement that is not part of the record in this case.  Furthermore, the Court's Practice Standards state that, "[e]xcept in extraordinary circumstances, the Court will not retain jurisdiction . . . over cases that have been settled.  The proper mechanism for enforcing a settlement is, in almost all cases, through a new action.  Any motion or stipulation for dismissal requesting that the Court retain jurisdiction after dismissal shall explain in detail the extraordinary circumstances necessitating such an approach."  *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § I.H.5.  Plaintiffs and Mr. Moody do not identify any extraordinary circumstance that would justify the Court retaining jurisdiction or why the parties do not have the ability to enforce their settlement agreement without the Court retaining jurisdiction.

Plaintiffs have now dismissed all defendants, suggesting that this matter should be closed.  Plaintiffs may file a brief on or before **January 29, 2021** to indicate whether the case can be closed.

DATED January 26, 2021.