# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement (hereinafter the "Agreement") is effective as of **November 17, 2020** (the "Effective Settlement Date"). The parties to this agreement are Plaintiffs FALLEN PRODUCTIONS, INC., HUNTER KILLER PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., HB PRODUCTIONS, INC., STOIC PRODUCTIONS, INC., VOLTAGE HOLDINGS, LLC, GUNFIGHTER PRODUCTIONS, LLC, SF FILMS, LLC, DEFINITION DELAWARE, LLC, AFTER PRODUCTIONS, LLC, MORGAN CREEK PRODUCTIONS, INC., and LAUNDRY FILMS, INC. (collectively the "**Owner**") owners of the motion pictures shown in Exhibit 1 to the First Amended Complaint and Defendant **William Nelson** (hereafter "subscriber").

WHEREAS Owner has evidence that subscriber logged into movie piracy website YTS using email address wlnelson6@hotmail.com to download torrent files of Owner's motion pictures.

**NOW, THEREFORE**, in consideration of the foregoing recitals, for the good and valuable consideration of the promises contained herein, the receipt and sufficiency of which is hereby acknowledged, the Parties enter into the following agreement:

1a. **Settlement Money**. In exchange for the consideration set forth herein, Subscriber shall pay to Owner the sum of **Ten Thousand Five Hundred United States Dollars ($10,500.00) (the "Settlement Money")**. The Settlement Money shall be in the form of a **certified check or money order** made payable to **"Culpepper IP, PLLC Client Trust Account"**, and must be paid according to the following due dates:

| Payment Due Date | Payment Amount |
|---|---|
| $50 | December 1, 2020 |

At least $50 for the first of each month thereafter until the total of $10,500 is paid.

Time is of the essence. Payment must be mailed to the following address:

Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI 96740

Postmark date shall be considered compliance with the Settlement Payment Due Date.

Alternatively, payment can be made by wire transfer at Subscriber's expense to below bank information

1

Exhibit "2"



1b. **Declaration** Subscriber agrees to provide a declaration describing the circumstances behind the infringement including (i) whether subscriber received any notices concerning infringements from subscriber's Internet Service Provider.

2. **Confidentiality** Subscriber agrees to keep the terms of this Settlement Agreement confidential to the extent permitted by law and will not make or cause to be made any disparaging remarks about Owner, or any of the employees, agents, representatives, attorneys or affiliates of Owner.

3. **Releases.** Fully conditioned upon the Subscriber paying the Settlement Money in full by the Settlement Payment Due Date and agreeing not to willingly and knowingly use peer-to-peer file sharing software in violation of U.S. copyright law or allow any internet service in Subscriber's control to be knowingly so used as well as fulfilling all of the obligations herein, Owner, shall release acquit, satisfy and forever discharge the Subscriber of all claims based upon any actual, potential or attempted copyright infringement of the Work prior to the Effective Date.  The Subscriber hereby releases, acquits, satisfies and forever discharges Owner and its agents, attorneys, and other representatives from all, and all manner of all charges, claims, actions, rights, demands, debts, obligations, damages or accountings of whatever nature, in law or in equity, based upon any events, claims, actions or inactions that occurred prior to the Effective Date and of and from any actions, suits, debts and sums of money, claims and demands whatsoever, in law or equity, known or unknown, which they ever had, now have or may have or claim to have against Owner, for and/or by reason of any matter, cause or thing relating in any way to or arising in any way from the allegations or which was or could have been the subject of a lawsuit.

4. **Independent Counsel.**  Each party acknowledges that it has received independent legal advice from its counsel, or has had the opportunity to seek advice from counsel, with respect to the facts and this Agreement.

5. **Severability.**  If any provision or application of this Agreement shall be held invalid or unenforceable then any such provision shall be deemed severed from this Agreement and the remaining provisions and applications of this Agreement shall not be affected, but rather shall remain valid and enforceable.

6. **Entire Agreement.**  This Agreement constitutes the entire and final agreement and supersedes any and all other understandings and agreements between the parties with respect to the subject matter hereof and no representation, statement or promise not contained herein shall be binding on either party.

7. **Execution in Counterparts.**  This Agreement may be executed in two or more counterparts each of which shall be deemed an original and each of which when combined with the other shall constitute one and the same instrument.  Photocopy, facsimile, electronic, or other copies of signatures shall have the same effect as an ink-signed original.

8. **Successors and Assigns.**  This Agreement shall be binding on and inure to the benefit of all parent companies, affiliates, subsidiaries, related companies, successors and assigns of each of the parties hereto.

9. **Jointly Drafted.**  The Parties to this Agreement have cooperated, or shall be deemed to have cooperated, in the drafting and preparation of this Agreement.  This Agreement shall not be construed against either party on the basis that the party was the drafter or on the ground that such agreement is an agreement of adhesion.

10. **Jurisdiction and Venue:**  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Colorado, and any disputes related to this Settlement Agreement shall be brought in the United States District Court for the District of Colorado, which will retain jurisdiction over this case for purposes of any such disputes, and the Parties consent to jurisdiction therein.  Further, the interest calculation for this agreement shall be 8 percent a year as provided in CO Rev Stat § 5-12-102 (2016).

11. **On-going Cooperation.**  All parties to this Agreement agree to cooperate fully and execute any and all necessary supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

12. **Recitals.**  The above recitals are made a part of this agreement.

13.**Legal Fees and Costs; Enforcement**.  Each party shall be responsible for paying its respective legal expenses and costs incurred in connection herewith, and no moneys will be exchanged except as otherwise provided for herein.  Notwithstanding the foregoing, should it become necessary for Owner to institute a legal action to enforce any terms of this Agreement (including claims for breach of any obligation, warranty, or representation and further including to collect any portion of the Settlement Money or to recover upon a worthless check), Owner shall be entitled to recover from Subscriber Owner's reasonable attorneys' fees, litigation expenses, and all costs associated with any such enforcement or collection effort.  Nothing herein shall limit Owner's rights or causes of action upon the infringement of Subscriber.  In the event of any breach by Subscriber of any obligation, warranty or representation herein, Owner shall have the right to enforce the terms of and shall have the right to file claims seeking equitable remedies and damages under any and all available legal theories, including copyright infringement.  Subscriber agrees, warrants and represents that Owner has valid title and rights in the Work and Subscriber waives the right to bring or assert any and all claims or defenses related to invalid copyright, registration or ownership, or claims or defenses related to copyrightability or infringement.

14. **Authority.** Each of the undersigned signatories hereby represents and warrants that he or she has the authority to bind the entity on whose behalf he or she is signing this Agreement.

//

//

//

//

//

//

//

//

//

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by the Parties hereto on the dates appearing below.

**OWNER**

/s/Kerry S. Culpepper

Kerry S. Culpepper For **Owner**

November 17, 2020

Date


**SUBSCRIBER**

*[signature]*

Defendant William Nelson, wlnelson6@hotmail.com
Subscriber.

**November 17, 2020**

Date